IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,256






GERALD C. ELDRIDGE, Appellant



v.



THE STATE OF TEXAS






ON DIRECT APPEAL FROM THE DENIAL OF A MOTION REGARDING
COMPETENCY TO BE EXECUTED FILED IN CAUSE NO. 9403201

IN THE 178TH DISTRICT COURT

HARRIS COUNTY




 Per Curiam. Price, J., dissents.


O P I N I O N



 This is a direct appeal of the denial of a Texas Code of Criminal Procedure Article
46.05 motion regarding appellant's competency to be executed filed in the 178th District 
Court of Harris County, Cause No. 9403201 styled Ex parte Gerald Cornelius Eldridge. 

 In April 1994, a jury found applicant guilty of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set applicant's punishment at death. This Court
affirmed applicant's conviction and sentence on direct appeal. Eldridge v. State, 940 S.W.2d
646 (Tex. Crim. App. 1996). This Court denied relief on applicant's initial post-conviction
application for writ of habeas corpus and dismissed his subsequent application on February
9, 2005. Ex parte Eldridge, Nos. WR-60,478-01 and WR-60,478-02 (Tex. Crim. App. Feb.
9, 2005)(not designated for publication). On September 24, 2009, applicant filed in the trial
court an Article 46.05 motion in which he asserted that he was incompetent to be executed. 
See Tex. Code Crim. Proc. Art. 46.05. Appellant's execution is set for November 17, 2009.

 After reviewing the record, the trial court found that appellant had failed to make a
substantial showing of incompetency as required by Article 46.05. It therefore determined
that it was not required to appoint additional experts or hold a hearing on the motion. Upon
appellant's request, the record was then sent to this Court for review. See Art. 46.05(l). 
Because appellant's motion was filed before the 20th day prior to his scheduled execution
date, this Court has the authority to review the trial court's determination that appellant failed
to make a substantial showing. 

 Having reviewed the record, we hold that the trial court's ruling was supported by the
record. Accordingly, we adopt the trial court's findings on the issue of appellant's
competency to be executed. No stay of execution need be granted. Further, the mandate of
the Court shall issue immediately, and no motions for rehearing shall be entertained. 


Do not publish

Delivered: November 16, 2009